**Dated: October 27, 2006**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**HUEY LYNN**  Case No. 05-74506
Chapter 7

        Debtor,

**LUCENDIA LYNN**

        Plaintiff,

vs.  Adv. No. 06-8012

**HUEY LYNN**

        Defendant.

## O R D E R

On the 21st day of September, 2006, the above-referenced adversary proceeding came on for trial. Counsel appearing were John W. Klenda for the Plaintiff and James W. Keeley for the Defendant. After hearing evidence presented, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

The Plaintiff seeks a determination that the debt owed to her arising from a divorce decree is nondischargeable. The parties were married on August 4, 1995. On September 1, 2005, the Decree of Dissolution was entered in Muskogee County, Oklahoma. The Decree provides, in pertinent part, as follows:

5. Petitioner shall be awarded as his separate property, free and clear of any claims, rights, or interest whatsoever of the respondent, to-wit:

   a. All of the personal property currently in Petitioner's possession.

   b. A 1966 Chevy Pick-Up, that is in the possession of the Petitioner.

   c. The livestock and the debt thereon holding the respondent harmless for this obligation.

   d. The real property located in Muskogee County, more particularly described as follows: The Northwest Quarter of the Southwest Quarter of Section 24, Township 15 North, Range 16 East, Muskogee County, Oklahoma or Route 1, Box 460 Haskell, OK, 74436.

6. The respondent shall be awarded as her separate property, free and clear of any claims, rights, or interest whatsoever of the petitioner, to-wit:

   a. All of the personal property currently in respondent's possession.

   b. A 1999 Lincoln Town Car and the debt thereon holding the petitioner harmless for this obligation.

7. Petitioner shall pay any indebtedness he has incurred since the date of separation and hold respondent harmless thereon and pay the following specific debts:

   | | |
   |---|---|
   | Conseco Finance | $21,220.00 |
   | Providian | $ 5,962.00 |
   | East Central Electric | $    450.00 |
   | Capital One | $    767.00 |
   | TOTAL | $28,399.00 |

8. Respondent shall pay any indebtedness she has incurred since the date of separation and pay the following specific debts:

2

Case 06-08012   Doc 23   Filed 10/27/06   Entered 10/27/06 10:15:45   Desc Main
Document   Page 2 of 6

|  |  |
|---|---|
| Bank One | $20,000.00 |
| Calvery Investment | $ 9,265.00 |
| Western Shamrock | $    790.00 |
| TOTAL | $30,055.00 |

9. The Petitioner agrees to pay the respondent $6,000 in support in lieu of property in $400.00 per month installments beginning thirty (30) days from the filing of this divorce. This $6,000.00 will be a judgment lien against the Plaintiff's real property located in Muskogee County referred to in paragraph 5d above.

10. Each party shall pay his or her own attorney fees and costs.

As provided in the Amended Pre-Trial Order, the Plaintiff seeks a ruling that the $6,000.00 award to the Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

During the ten year marriage, the parties had no children. Defendant agreed to pay the Plaintiff $6,000.00 following a mediation in the divorce case. Shortly after the Divorce Decree was entered, Defendant filed for bankruptcy relief. Defendant has made no payments on the agreement.

The mobile home the parties purchased during their marriage was repossessed, and Defendant now lives in an older mobile home on the same land. Defendant owned the older mobile home prior to the marriage, and he is now refurbishing the mobile home.

Defendant drives a cement mixer for Arrow Concrete, and earns approximately $1,992 per month. Defendant also receives $490 per month in retirement from his work as a construction laborer. After deductions for taxes, social security and health insurance, Defendant's monthly net income is approximately $1,832. Defendant stated at trial that he does not anticipate greater income in the future. He further explained that he would likely have to change jobs as he is allergic to cement dust.

Defendant's monthly expenses total approximately $2,231. Defendant has no rent or

3

mortgage expense, however he has significant home repair expenses. Defendant's monthly estimated costs for refurbishing his mobile home is $329.81. Defendant commutes to work and recently had to purchase a vehicle. His vehicle payment is $462.97 per month, and he spends approximately $400.00 per month on gasoline and transportation expenses.

Defendant's other expenses include real estate taxes, electric, water, telephone and cellular telephone, food, clothing, medical, vehicle insurance, mini storage and animal/farm supplies. Defendant stated that his current home is much smaller than his previous home, and he has to store many things at a storage facility. Defendant has two horses and a cow and his estimated monthly cost for animal and farm expenses is $181.00.

Defendant was remarried in December of 2004. Defendant stated that his current wife resides in Texas and she has only spent about three months with Defendant since the marriage. He stated that he does not continuously support her financially, nor does he send money to her. Defendant did state that he financially supports her when he can when she is staying with him in Oklahoma.

Defendant stated that he filed bankruptcy because his debts continued to increase and he was behind on his payments for the mobile home in which the parties resided during the marriage. Defendant heard an advertisement on the radio about bankruptcy relief, and he decided to file bankruptcy and start over.

Defendant's bankruptcy petition was filed before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), therefore this Court will apply § 523(a)(15) as it was in effect prior to the BAPCPA. Section 523(a)(15) provides that an individual debtor is not discharged from a debt that is incurred in the course of a divorce or separation or in

4

connection with a separation agreement, divorce decree or other order of the court, unless:

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor nor reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15). Generally, the creditor bears the burden of proof by a preponderance of the evidence with respect to dischargeability actions. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed. 2d 755 (1991). This Court has followed the line of cases which states that § 523(a)(15) establishes a rebuttable presumption that any property settlement allocation arising from the divorce is nondischargeable unless the debtor can prove one of the requirements set forth in § 523(a)(15)(A) or (B). *Slover v. Slover (In re Slover),* 191 B.R. 886, 891 (Bankr. E.D. Okla. 1996) (citing *In re Becker,* 185 B.R. 567, 569 (Bankr. W.D. Mo. 1995); *Carroll v. Carroll (In re Carroll),* 187 B.R. 197 (Bankr. S.D. Ohio 1995)). In this case, the Plaintiff has shown that the debt was incurred in connection with a divorce.

Defendant now must demonstrate he does not have the ability to pay the debt in order to discharge the debt. The relevant time period is the time of the trial. *In re Jodoin,* 209 B.R. 132, 142 (9th Cir. BAP 1997). Courts have looked to the standards used under § 1325(b) in examining a debtor's ability to pay under § 523(a)(15)(A). *Id.*; *In re Cameron,* 243 B.R. 117, 122 (M.D. Ala. 1999). The emphasis under this examination is whether the Defendant's budgeted expenses are reasonably necessary. *Cameron,* 243 B.R. at 122.

This Court concludes the Defendant has no excess income or property from which to pay the obligation. Defendant's monthly expenses are reasonable and do not appear extravagant. Even

5

without the expenses for animal and farm supplies, Defendant would not have disposable income from which to pay the Plaintiff. Defendant's monthly expenses exceed his monthly income by approximately $400.00. Further, Defendant does not anticipate an increase in future income. Because the Defendant does not have the ability to repay the debt, an analysis under § 523(a)(2)(B) is unnecessary.

IT IS THEREFORE ORDERED that judgment is entered for the Defendant in that the debt owed to Plaintiff by the Defendant is **dischargeable**.

###

6